**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JACKELINE LOPEZ REYES<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>ESTEFANI AYALA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>         Plaintiffs,<br><br>v.<br><br>PHO VIET USA, INC.<br>d/b/a PHO VIET USA<br>3713 New Hampshire Avenue NW<br>Washington, DC 20010<br><br>PHO VIET RESTAURANT, INC.<br>d/b/a PHO VIET USA<br>333 H Street NE<br>Washington, DC 20002<br><br>HUNG DINH TRAN<br>6411 Offutt Road<br>Chevy Chase, MD 20815<br><br>KATIE DIEM DANG<br>6411 Offutt Road<br>Chevy Chase, MD 20815<br><br>         Defendants. | Civil Action No. _____ |

# COMPLAINT

1.      Defendants own and operate multiple "Pho Viet USA" restaurant locations in Washington, D.C. While Plaintiffs worked at their various restaurants, Defendants failed to pay them minimum and overtime wages. Furthermore, Defendants did not provide Plaintiffs with paid safe and sick leave as required by D.C. law.

2. Plaintiffs bring this action against Pho Viet USA, Inc., Pho Viet Restaurant, Inc., Hung Dinh Tran, and Katie Diem Dang ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, and to provide safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-531.01 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiff Jackeline Lopez Reyes is an adult resident of the District of Columbia.

6. Plaintiff Estefani Ayala is an adult resident of the District of Columbia.

7. Defendant Pho Viet USA, Inc. is a District of Columbia corporate entity. It does business as Pho Viet USA. Its principal place of business is registered with the D.C. Department of Consumer and Regulatory Affairs as 3713 New Hampshire Avenue NW, Washington, DC 20010. But Pho Viet USA, Inc. operates at least two restaurants: one at 3713 New Hampshire Avenue NW, Washington, DC 20010 and a second at 2628 11th Street NW, Washington, DC 20001. Its registered agent for service of process is Hung Tran, 3713 New Hampshire Avenue NW, Washington, DC 20010.

8. Defendant Pho Viet Restaurant, Inc. is a District of Columbia corporate entity. It also does business as Pho Viet USA. Its principal place of business is located at 333 H Street NE, Washington, DC 20002. Its registered agent for service of process is Katie Dang, 333 H Street NE, Washington, DC 20002.

9. Defendant Hung Dinh Tran is an adult resident of Maryland. He resides at 6411 Offutt Road, Chevy Chase, MD 20815. He is an owner and officer of Defendant Pho Viet USA, Inc. and Pho Viet Restaurant, Inc. He exercises control over the operations of Pho Viet USA, Inc. and Pho Viet Restaurant, Inc. — including their pay practices.

10. Defendant Katie Diem Dang is an adult resident of Maryland. She resides at 6411 Offutt Road, Chevy Chase, MD 20815. She is an owner and officer of Defendant Pho Viet USA, Inc. and Pho Viet Restaurant, Inc. She exercises control over the operations of Pho Viet USA, Inc. and Pho Viet Restaurant, Inc. — including their pay practices.

11. Defendants Hung Dinh Tran and Katie Diem Dang are married.

12. Defendants Hung Dinh Tran and Katie Diem Dang own and operate the Pho Viet USA restaurant brand, with restaurants located at 3713 New Hampshire Avenue NW, Washington, DC 20010 ("New Hampshire"), 333 H Street NE, Washington, DC 20002 ("H Street"), and 2628 11th Street NW, Washington, DC 20001 ("11th Street").

**Factual Allegations Specific to Plaintiff Lopez Reyes**

13. From approximately November 5, 2018 through October 20, 2019, Plaintiff Lopez Reyes worked at the Defendants' 11th Street location.

14. From approximately June 3, 2019 through June 16, 2019, Plaintiff Lopez Reyes worked at the Defendants' H Street location.

15. From approximately October 21, 2019 through approximately November 3, 2019, Plaintiff Lopez Reyes did not work for Defendants.

16. From approximately November 4, 2019 through approximately April 16, 2021, Plaintiff Lopez Reyes worked at the Defendants' New Hampshire location.

17. Plaintiff Lopez Reyes worked at Pho Viet USA as a cook.

18. Plaintiff Lopez Reyes's job duties at Pho Viet USA primarily consisted of preparing and cooking food, and cleaning her workstation at the end of each workday.

19. Plaintiff Lopez Reyes typically and customarily worked thirty-five hours per week. However, from approximately June 3, 2019 through approximately June 16, 2019, Plaintiff Lopez Reyes worked more than forty hours per week.

20. At all relevant times, Plaintiff Lopez Reyes was paid by the hour.

21. Defendants paid Plaintiff Lopez Reyes approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Nov. 05, 2018–Dec. 31, 2020 | $12.00 |
| Jan. 01, 2021–Apr. 16, 2021 | $13.25 |

22. At all relevant times, Plaintiff Lopez Reyes was paid by check.

23. Plaintiff Lopez Reyes has worked more than forty hours per workweek for Defendants.

24. Whenever Lopez Reyes worked more than forty hours in a week, Defendants paid her for only the first forty hours. Defendants paid Plaintiff Lopez Reyes nothing for her overtime hours.

25. Defendants did not pay Plaintiff Lopez Reyes overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

26. In addition to not paying overtime wages, Defendants did not pay Plaintiff Lopez Reyes the D.C. minimum wage.

27. D.C. law required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, and $15.00 per hour from July 1, 2020 through June 30, 2021. D.C. Code § 32-1003(a).

28. Defendants owe Plaintiff Lopez Reyes approximately $18,000.00 in minimum and overtime wages (excluding liquidated damages).

29. Furthermore, Defendants never provided Plaintiff Lopez Reyes with paid leave as required by the ASSLA. D.C. Code § 32-531.02.

30. Plaintiff Lopez Reyes lost wages in 2018 through 2021 because she was sick.

31. For Defendants' failure to provide paid leave, Defendants owe Plaintiff Lopez Reyes approximately $746.00 in lost wages and compensatory damages.

32. Defendants should have provided Plaintiff Lopez Reyes with 0.5 days of paid leave in 2018, 2.5 days of paid leave in 2019, 2.5 days of paid leave in 2020, and 1 day of paid leave in 2021.

33. Defendants also owe Plaintiff Lopez Reyes $3,250.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether she took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

**Factual Allegations Specific to Plaintiff Ayala**

34. From approximately July 23, 2018 through approximately June 30, 2019, Plaintiff Ayala worked at Defendants' New Hampshire location.

35. From approximately July 1, 2019 through June 21, 2020, Plaintiff Ayala tool a leave of absence.

36. From approximately June 22, 2020 through approximately February 26, 2021, Plaintiff Ayala worked at Defendants' H Street location.

37. Plaintiff Ayala worked at Pho Viet USA as a cook.

38. Plaintiff Ayala's job duties at Pho Viet USA primarily consisted of preparing and cooking food, and cleaning her workstation at the end of each workday.

5

39. Prior to approximately December 31, 2018, Plaintiff Ayala typically and customarily worked approximately forty-five hours per week.

40. Starting on approximately January 1, 2019, Plaintiff Ayala typically and customarily worked forty or fewer hours per week.

41. At all relevant times, Plaintiff Ayala was paid by the hour.

42. Defendants paid Plaintiff Ayala approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Jul. 23, 2018–Sep. 30, 2018 | $10.00 |
| Oct. 01, 2018–Mar. 17, 2019 | $12.50 |
| Mar. 18, 2019–Jun. 30, 2019 | $13.25 |
| Jun. 22, 2020–Feb. 26, 2021 | $13.50 |

43. At all relevant times, Plaintiff Ayala was paid by check.

44. Prior to approximately January 1, 2019, Plaintiff Ayala worked more than forty hours per workweek for Defendants.

45. Whenever Plaintiff Ayala worked more than forty hours in a week, Defendants only paid her for forty hours. Defendants paid Plaintiff Ayala nothing for her overtime hours.

46. Defendants did not pay Plaintiff Ayala overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

47. In addition to not paying overtime wages, Defendants did not pay Plaintiff Ayala the D.C. minimum wage.

48. D.C. law required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, and $15.00 per hour from July 1, 2020 through June 30, 2021. D.C. Code § 32-1003(a).

49. For Plaintiff Ayala's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $12,000.00 in minimum and overtime wages (excluding liquidated damages).

50. Furthermore, Defendants never provided Plaintiff Ayala with paid leave as required by the ASSLA. D.C. Code § 32-531.02.

51. Plaintiff Ayala lost wages in 2018 through 2021 because she was sick.

52. For Defendants' failure to provide paid leave, Defendants owe Plaintiff Ayala approximately $500.00 in lost wages and compensatory damages.

53. Defendants should have provided Plaintiff Ayala with 1.5 days of paid leave in 2018, 1.5 days of paid leave in 2019, 1.5 days of paid leave in 2020, and 0.5 days of paid leave in 2021.

54. Defendants also owe Plaintiff Ayala $2,500.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether she took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

**Factual Allegations Common to All Plaintiffs**

55. Defendant Hung Dinh Tran participated in setting the restaurants' hours of operation.

56. Defendant Hung Dinh Tran participated in the decisions to hire Plaintiffs.

57. Defendant Hung Dinh Tran participated in setting Plaintiffs' work schedule.

58. Defendant Hung Dinh Tran participated in setting Plaintiffs' hourly rate.

59. Defendant Hung Dinh Tran has signed Plaintiffs' paychecks.

60. Defendant Hung Dinh Tran participated in supervising Plaintiffs' work.

61. Defendant Hung Dinh Tran has fired employees of Pho Viet USA.

62. Defendant Hung Dinh Tran had the authority to write checks on behalf of Pho Viet USA, Inc. and Pho Viet Restaurant, Inc.

63. Defendant Katie Diem Dang participated in setting the restaurants' hours of operation.

64. Defendant Katie Diem Dang participated in the decisions to hire Plaintiffs.

65. Defendant Katie Diem Dang participated in setting Plaintiffs' work schedule.

66. Defendant Katie Diem Dang participated in setting Plaintiffs' hourly rate.

67. Defendant Katie Diem Dang has signed Plaintiffs' paychecks.

68. Defendant Katie Diem Dang participated in supervising Plaintiffs' work.

69. Defendant Katie Diem Dang has fired employees of Pho Viet USA.

70. Defendant Katie Diem Dang had the authority to write checks on behalf of Pho Viet USA, Inc. and Pho Viet Restaurant, Inc.

71. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

72. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

73. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

74. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

75. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

76. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the D.C. minimum wage.

77. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

78. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

79. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

80. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

81. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

82. Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

83. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

84. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

85. Defendants' violations of the FLSA were willful.

86. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

87. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

88. Each Defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

89. The DCMWA required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, and $15.00 per hour from July 1, 2020 through June 30, 2021. D.C. Code § 32-1003(a).

90. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

91. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

92. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

93. Defendants' violations of the DCMWA were willful.

94. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

95. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

96. Each Defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

97. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

98. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

99. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

100. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

101. Defendants' violations of the DCWPCL were willful.

102. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## COUNT IV
### FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

103. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

104. Each Defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-531.01.

105. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-531.02(a).

106. Defendants violated the ASSLA by not providing Plaintiffs the required paid leave.

107. For Defendants' violations of the ASSLA, Defendants owe Plaintiffs $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

108. For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiffs' reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. D.C. Code § 32-531.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$133,442.70,** and grant the following relief:

    a.    Award Plaintiffs $120,000.00, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

  iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiffs $6,996.00, consisting of the following:

  i. $1,246.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.02(e);

  ii. $5,750.00 in statutory damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.12(b);

c. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

d. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $6,044.70);

e. Award Plaintiffs court costs (currently, $402.00); and

f. Award any additional relief the Court deems just.

July 14, 2021            Respectfully submitted,

                  **DCWageLaw**

                  By: /s/ Justin Zelikovitz
                  JUSTIN ZELIKOVITZ, #986001
                  519 H Street NW
                  Washington, DC 20001
                  Phone: (202) 803-6083
                  Fax: (202) 683-6102
                  justin@dcwagelaw.com

                  *Counsel for Plaintiffs*